IN RE: INQUIRY CONCERNING A JUDGE, NO. 04-038, GAREY M. BALLANCE, Respondent

No. 117A07

(Filed 4 May 2007)

**Judges— removal from office—guilty plea to crime**

A district court judge who pled guilty to one count of failure to file a federal income tax return was removed from office for conduct in violation of Canons I, 2A and 2B of the North Carolina Code of Judicial Conduct, conviction of a crime involving moral turpitude, and conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

This matter is before the Court pursuant to N.C.G.S. § 7A-376 upon a recommendation by the Judicial Standards Commission entered 29 November 2006 that respondent Garey M. Ballance, a Judge of the General Court of Justice, District Court Division, Judicial District Nine B of the State of North Carolina, be removed for conduct in violation of Canons 1, 2A, and 2B of the North Carolina Code of Judicial Conduct, conviction of a crime involving moral turpitude, and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. Calendered for argument in the Supreme Court 12 April 2007; determined on the record without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure and Rule 2(c) of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission.

*No counsel for Judicial Standards Commission or respondent.*

**IN RE INQUIRY OF BALLANCE**

[361 N.C. 338 (2007)]

PER CURIAM.

As a result of the recommendation of the North Carolina Judicial Standards Commission ("Commission"), the issue before this Court is whether respondent Garey M. Ballance should be removed from office for conduct in violation of Canons 1, 2A, and 2B of the North Carolina Code of Judicial Conduct, conviction of a crime involving moral turpitude, and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376.

The facts which led to the Commission's recommendation that respondent be removed from office are not in dispute. Likewise, respondent does not dispute the Commission's recommendation that he be removed from judicial office. Respondent waived formal hearing before the Commission, and Special Counsel for the Commission and counsel for respondent stipulated to the following:

1. The North Carolina Judicial Standards Commission is a body duly organized under the laws of North Carolina and is authorized to recommend to the Supreme Court of North Carolina[] the censure and removal of Judges and Justices of the General Court of Justice pursuant to the Constitution of North Carolina, Article 4, Section 17, and the procedures prescribed by the North Carolina General Assembly in [N.C.]G.S. § 17A, Article 30.

2. At all times referred to for purposes of this matter, the Respondent was a Judge of the General Court of Justice, District Court Division, Judicial District 9B, and as such is subject to the Canons of [the] North Carolina Code of Judicial Conduct, the laws of the State of North Carolina, the laws of the United States of America, and the provisions of the oath of office for District Court Judge as set forth in the North Carolina General Statutes, Chapter 11. The Respondent tendered his resignation from his judicial office to the Governor of North Carolina on October 14, 2005.

3. The Commission had reason to file formal proceedings upon information concerning the conduct of the Respondent in which it alleged:

a. The Respondent pled guilty to one count of failure to file federal income tax returns, a violation of 26 U.S.C. § 7203, on March 29, 2005, as shown by the "Memorandum of Plea

Agreement" attached [to the stipulation]. As a result of the plea agreement, the Respondent was sentenced to a nine month term of imprisonment, a $5,000.00 fine, and supervised release for a term of one year from Respondent's release from imprisonment. The complete terms of the Respondent's sentence are shown by the "Judgement [sic] In a Criminal Case" attached [to the stipulation].

4. The Respondent acknowledges that the conduct admitted in this Stipulation are [sic] in violation of Canon's [sic] 1, 2A and 2B of the North Carolina Code of Judicial Conduct, and under the terms of the Stipulation constitutes the conviction of a crime involving moral turpitude and conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of N.C.G.S. § 7A-376.

5. The Respondent agrees to enter this Stipulation to bring closure to this matter because of his concern for protecting the integrity of the court system.

6. The Respondent hereby waives formal hearing of these matters and agrees to accept a Recommendation of removal from the Commission because his conduct amounted to the conviction of a crime involving moral turpitude and conduct prejudicial to the administration of justice that brings the judicial office into disrepute. The Respondent further agrees and represents to the Commission that he will not seek judicial office nor accept any appointment as an emergency judge or special judge, nor serve in any position which would require him to perform in any judicial capacity, in North Carolina in the future.

Following a hearing on 3 November 2006, the Commission made findings of fact reciting the procedural history of the matter and incorporating, as additional findings of fact, the stipulation agreed to by counsel for respondent and the Commission. Based on the stipulated and other documentary evidence, which the Commission determined to be clear and convincing, the Commission concluded as a matter of law that respondent's conduct constitutes: (1) "Conduct in violation of Canons 1, 2A and 2B of the North Carolina Code of Judicial Conduct," and (2) "Conviction of a crime involving moral turpitude, and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376." On 29 November 2006, the Commission recommended that "the Supreme Court remove the respondent from his judicial office."

**IN RE J.T.W.**

[361 N.C. 341 (2007)]

This Court concludes that the Commission's findings of fact are supported by the findings of fact stipulated to by respondent and the other evidence in the record before us. Moreover, we conclude that the Commission's findings of fact support its conclusions of law. Therefore, we accept the Commission's findings and adopt them as our own. Based upon those findings and conclusions and the recommendation of the Commission, we conclude and adjudge that respondent should be removed from his judicial office.

Now, therefore, it is ordered by the Supreme Court of North Carolina in conference that respondent Garey M. Ballance be, and he is hereby, officially removed from office as a judge of the General Court of Justice, District Court Division, Judicial District 9B, for conduct in violation of Canons 1, 2A, and 2B of the North Carolina Code of Judicial Conduct, conviction of a crime involving moral turpitude, and conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. As a consequence of his removal from office, respondent Garey M. Ballance is disqualified by statute from holding further judicial office and is ineligible for retirement benefits. N.C.G.S. § 7A-376(b) (Supp. 2006).